UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-058 |
| | : | |
| | : | Status: April 23, 2007 |
| SEAN L. THOMSEN, | : | Trial: May 14, 2007 |
| | : | |
| Defendant. | : | |
| | : | |

UNITED STATES' MOTION FOR LEAVE TO
INTRODUCE EVIDENCE OF DEFENDANT'S OTHER CRIMES

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, pursuant to Rule 404 of the Federal Rules of Evidence, respectfully moves the Court to for leave to admit evidence of other crimes committed by the defendant. In support of this motion, the United States would show the following:

FACTUAL BACKGROUND

**Incident of September 26, 2003**

1. On September 26, 2003, the defendant, who was later identified as Sean L. Thomsen, was observed driving a Blue Ford Explorer, with Pennsylvania tags, on the sidewalk of Canal Street, S.E., Washington, D.C. The officer who made this observation stopped the defendant and conducted an interview. The defendant appeared intoxicated. During a standard field sobriety test, a syringe fell out of the defendant's right pants leg. In a search of the defendant's vehicle, the police recovered four ziplocks of cocaine. The defendant was arrested and transported to the police station for processing.

2. As a result, the defendant was charged with possession of cocaine and possession of drug

-1-

paraphernalia in M-8436-03 in the Superior Court for the District of Columbia. The defendant was also charged with several offenses in traffic court.

3. However, on February 26, 2004, the defendant failed to appear for a status hearing in the misdemeanor case and a bench warrant was issued. That warrant is still pending.

**Incident Forming the Basis for the Instant Case**

4. On October 12, 2006, the defendant, who was later identified as Sean L. Thomsen, went to Washington Passport Agency in Washington, D.C. The defendant identified himself as Andrew Robert Vadersen and applied for a passport. This was done in connection with completing a DS-11, passport application.

5. As proof of identity, the defendant presented a Virginia driver's license issued in the name of Andrew Robert Vadersen. The defendant also produced a Virginia birth certificate in the name of Andrew Robert Vadersen as proof of citizenship. The certificate was issued on December 11, 1987. The defendant listed place of birth as Virginia Beach, Virginia, and his social security number as ▮▮▮▮▮▮▮▮▮. The defendant the took an oath of affirmation and signed the DS-11 in the presence of the passport acceptance clerk affirming that all of the information on the DS-11 was true and accurate. The defendant left the application at the office to be processed.

6. The passport acceptance clerk became suspicious when the photograph on the driver's license did not match the photograph of the defendant attached to the DS-11. The application was forwarded to the Special Issuance Fraud Prevention Manager and it was determined that the individual on the passport application was different from the person on the driver's license. A subsequent investigation revealed that Andrew Robert Vadersen did not authorize the defendant to use his driver's license or birth certificate.

7. After the defendant's true identity was determined, he was indicted on the charges of Passport Fraud and Aggravated Identity Theft.

## ARGUMENT

8. The Court should grant the United States' motion for leave to introduce evidence of the fact that the defendant had a pending criminal matter on October 12, 2006 and that a bench warrant had been issued for his arrest because it is relevant to the defendant's intent and knowledge at the time he used the driver's license and birth certificate of Andrew Robert Vadersen and made fraudulent statements in connection with his passport application. The United States does not intent to offer evidence regarding the nature of the underlying offense, only that the defendant had a pending criminal matter and that a bench warrant had been issued for his arrest for failing to appear. This evidence is not being offered for an improper purpose such as criminal propensity, but rather to establish intent and knowledge.

**Applicable Legal Standards**

9. The Court's determination about whether to admit evidence of the defendant's prior bad act in 2004 is subject to an abuse of discretion standard of review by the appellate court. United States v. Pindell, 336 F.3d 1049, 1056-57 (D.C. Cir. 2003); United States v. Springs, 936 F.2d 1330, 1331 (D.C. Cir. 1991).

10. The appellate court has recently reaffirmed that the issue of admitting evidence of prior crimes is governed by Rule 404(b) of the Federal Rules of Evidence. United States v. Linares, 367 F.3d 941, 946 (D.C. Cir. 2004). Rule 404(b) of the Federal Rules of Evidence provides, in pertinent part, that

> [e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person . . . . It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Cf. Linares, supra, 367 F.3d at 946. Evidence of the defendant's prior bad act and/or crime should be admitted here because it is relevant to the issue of the defendant's intent when he fraudulently used another person's documents in connection with applying for a passport.

12. The court engages in a two-part analysis to determine admissibility in the Rule 404(b) context. First, the Court will consider whether the evidence is probative of some material issue in the case other than character. United States v. Price, 895 F.2d 1431, 1435 (D.C. Cir.), cert. denied, 498 U.S. 825 (1990). Second, if the Court finds that the evidence is relevant, the Court may exclude the evidence only if its probative value is substantially outweighed by the danger of unfair prejudice. United States v. Long, 328 F.3d 655, 662 (D.C. Cir. 1993), cert. denied, 540 U.S. 1075 (2003). Applying this test to the instant case illustrates that evidence of the 2004 failure to appear and the issuance of a bench warrant should be admissible to establish that the defendant used Mr. Vadersen's document to apply for a passport in an effort to avoid being arrested on the bench warrant.

**Probative Value**

13. Here, the evidence regarding the incident of September 26, 2003, is not being offered to establish any criminal propensity of the defendant. Rather, it is being offered to support the United States' argument that he intentionally and willfully made false statements in connection with applying for a passport on October 12, 2006 in order to avoid being arrested. It also refutes any putative defense that the defendant accidentally or mistakenly used Mr. Vadersen's documents in applying for the passport. In addition, with respect to the aggravated identity theft charge, this

evidence helps establish that the defendant knowingly used Mr. Vadersen's documents.

14. The evidence surrounding the defendant's pending criminal matter and the existence of the bench warrant supports the United States' argument that the defendant willfully and knowingly made false statements about his identity on the passport application. Indeed, it goes to establish, at least in part, why the defendant used another person's identity to apply for a passport.

**Potential Prejudice**

15. The potential prejudice, if any, associated with the admission of this evidence does not substantially outweigh its probative value. In September of 2003, the defendant was charged with two misdemeanor counts in M-8436-03, and he failed to appear for a status hearing in the Superior Court for the District of Columbia. As a result, a bench warrant was issued for his arrest. In addition, the United States would note that it appears that there were other warrants from other jurisdictions outstanding for his arrest that would provide additional evidence to establish that the defendant willfully made false statements in connection with applying for a passport. The United States is still in the process of obtaining copies of those warrants and will supplement this motion.

16. In any event, any prejudicial effect from evidence of the bench warrant for the defendant's arrest in the misdemeanor case does not substantially outweigh the probative value of proving that the defendant willfully and knowingly engaged in passport fraud to avoid being arrested.

**CONCLUSION**

The government intends to introduce evidence of the defendant's prior crime to establish that the defendant knowingly and willfully made false statements on a passport application and knowingly engaged in aggravated identity theft to avoid having his true identity discovered and being arrested on the outstanding bench warrant. For all of the foregoing reasons, the United States respectfully requests that its motion to introduce other crimes be granted.

    Respectfully,

    JEFFREY A. TAYLOR
    United States Attorney


    By: _____
    MICHAEL T. TRUSCOTT
    ASSISTANT UNITED STATES ATTORNEY
    Member of the New York Bar
    Federal Major Crimes Section
    United States Attorney's Office
    555 Fourth Street, N.W., Room 4237
    Washington, D.C. 20530
    Phone: (202) 514-7533
    Fax: (202) 514-6010