

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

April 24, 2007

**FILED**

**MAY 1 4 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA FAX**
Mary Petras, Esq.
Federal Public Defender Service
(202) 208-7517

      Re: <u>U.S. v. Sean L. Thomsen</u> (07-058 (GK))
      Plea Hearing: April 30, 2007

Dear Ms. Petras:

      This letter sets forth the plea agreement this Office is willing to enter into with your client, Mr. Sean L. Thomsen (the "defendant" or "your client"). This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"), <u>and it expires on Monday, April 30, 2007</u>. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

      1. **Charges**. Your client agrees to plead guilty to Aggravated Identity Theft (Count 2), in violation of 18 U.S.C. § 1028A(a)(1), an offense which has been charged in an Indictment pending in the United States District Court for the District of Columbia. Your client agrees that the attached "Factual Proffer" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Factual Proffer as a written proffer of evidence.

      2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft carries a mandatory sentence of two (2) years imprisonment, a maximum fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than one year, 18 U.S.C. § 3583(b)(3). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. <u>See</u> 18 U.S.C. § 3013. Mr. Thomsen understands that the sentence

to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Thomsen understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

   3. **Additional charges**. If your client fulfills all obligations under this plea agreement, then in exchange for his guilty plea, as described in paragraph 1 above, the government agrees that, at sentencing, it will dismiss Passport Fraud (Count 1) in the pending federal indictment in this case, Criminal No. 07-058. In addition, the government agrees that, after Mr. Thomsen has been sentenced in the above case, it will dismiss Mr. Thomsen's pending criminal case in the Superior Court for the District of Columbia, Criminal No. 2003CMD008436, and that it will not pursue any other charges, including a Bail Reform Act violation, related to the Superior Court case. With regard to any charges that will be dismissed subsequent to your client's sentencing pursuant to this agreement, your client acknowledges and agrees that such charges are based in fact and the dismissal of such charges is solely a part of the consideration for this agreement and for no other reason and provides your client with no basis to claim "prevailing party" status under the "Hyde Amendment," P. L. 105-119 (1997). Further, your client specifically agrees not to file any claim under that law.

   4. **Release/Detention and Actions Pending Sentencing.** Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

   5. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

   6. **Sentencing**. Your client understands and agrees that a 2 year sentence of imprisonment shall be imposed in this case for the offense of Aggravated Identity Theft because Title 18, Section

1028A(a)(1), provides that your client shall "be sentenced to a term of imprisonment of 2 years." If the Court agrees to sentence your client on the same date that your client enters his guilty plea, then your client must waive his right to the preparation of a presentence investigation report.

7. **Court Not Bound by the Plea Agreement or the Sentencing Guidelines**. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable base offense level and specific offense characteristics, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Sentencing Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

8. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of your client's criminal activities, subject to the provisions of the following paragraph. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Breach of Agreement:** Mr. Thomsen agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Mr. Thomsen should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of your client's release (for example, should Mr. Thomsen commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Thomsen's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal

conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Thomsen will not have the right to move to withdraw the guilty plea; (c) Mr. Thomsen shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Thomsen, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Thomsen has breached this agreement, and if Mr. Thomsen so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

10.   **USAO-DC's Criminal Division Bound**:  Mr. Thomsen understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Thomsen.

11.   **Complete Agreement**:  No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Thomsen, Mr. Thomsen's counsel, and an Assistant United States Attorney for the District of Columbia. If the foregoing terms and conditions are satisfactory, Mr. Thomsen may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Thomsen and his counsel.

Sincerely yours,
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Aaron Mendelsohn
Assistant United States Attorney
555 Fourth Street, NW (Room 4239)
Washington, D.C. 20530
(202) 514-9519

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one. I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5-14-07

_____
Sean L. Thomsen
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5-14-07

_____
Mary Petras, Esquire
Attorney for the Defendant